UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| LISA ALLEN, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | Civil No: 7:18-cv-00083-GFVT |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| EQUITRANS, LTD., et al., | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Lisa Allen and Anthony Allen originally filed this suit in Floyd Circuit Court against Defendants Equitrans, Limited and Spectra Energy Operating Company, LLC. They allege damage to their property resulting from Defendants' natural gas pipeline. [R. 1-2.] Spectra timely removed this action to this Court [R. 1], and Plaintiffs now seek to remand it. Additionally, Plaintiffs seek an award of costs related to removal. [R. 9.] For the following reasons, Plaintiffs' Motion to Remand [R. 9] will be **GRANTED IN PART** and **DENIED IN PART**.

**I**

**A**

According to Plaintiffs' complaint, Defendants Equitrans and Spectra "have constructed, maintained, repaired and/or operated a natural gas pipeline in close proximity to Plaintiffs' property." [R. 1-2.] Plaintiffs allege that "Defendants . . . have negligently and/or grossly negligently caused damage to the Plaintiffs' property," such that "the Plaintiffs have been

forced to endure damage to their property, a diminution in the market value of their property, and a loss of the use and enjoyment of their property." *Id.* Plaintiffs seek compensatory damages for the decline in their property value, punitive damages for Defendants' gross negligence, pre- and post- judgement interest, as well as costs and attorney fees. *Id.* In compliance with Kentucky Rule of Civil Procedure 8.01, Plaintiffs have not specified what sum of unliquidated damages they seek. [*See* R. 1-2.]

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441. [R. 1.] In their Response, Plaintiffs argue for remand on the grounds that the Defendants have not sufficiently proven the amount in controversy exceeds $75,000. [R. 9.] Neither party disputes that there is complete diversity between them.

**B**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court

places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. However, as this Court has noted before, "when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case." *Coppola v. Wal-Mart Stores East, LP*, 2016 U.S. Dist. LEXIS 113599, *2 (E.D. Ky. Aug. 25, 2016). "A defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## C

In some instances, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the purpose of an award of fees and costs under § 1447(c) is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Therefore, the general rule is fee awards are only appropriate where the removing party lacks an objectively reasonable basis for removal. *See Powers*, 728 F.3d at 515 (citing *Martin*, 546 U.S. at 140). But, because "district courts retain considerable discretion in awarding attorney fees," a district court may consider whether unusual circumstances exist to warrant a departure from this rule. *Powers v. Cottrel, Inc.*, 728 F.3d 509,

515 (6th Cir. 2013).

## II

### A

Kentucky's Rules of Civil Procedure often pose a quandary for federal courts in removal cases. Rule 8.01 prevents plaintiffs seeking unliquidated damages from specifying a dollar amount in any pleading. *See* Ky. R. Civ. P. 8.01. Unsurprisingly, this requirement can lead to disputes about the amount in controversy requirement of 28 U.S.C. § 1332. But Rule 8.01 allows a party against whom a claim for unliquidated damages is made to obtain information as to the amount by use of interrogatories. *See* Ky. R. Civ. P. 8.01. What's more, Rule 8.01 requires a plaintiff respond to a such an interrogatory, because a plaintiff who fails to disclose her claim for damages cannot recover any amount of money. *See LaFleur v. Shoney's Inc.*, 83 S.W.3d 474, 477 (Ky. 2002) ("[P]laintiff's claims for unliquidated damages were effectively zero, because she utterly failed to disclose the amount of her claims for unliquidated damages as was required by [Rule] 8.01(2)."). This Court and others in the Eastern District of Kentucky have instructed defendants to take advantage of this state court discovery rule before removing. *See, e.g., King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. Jan. 16, 2009); *Holland v. Buffin*, 2015 U.S. Dist. LEXIS 80242 (E.D. Ky. Jan. 16, 2015); *Giffin v. Runyons*, 2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct 21, 2011). Generally speaking, in diversity cases, the best practice for defendants is to utilize state court discovery procedures, and to remove to federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332 have been met.

Although Equitrans and Spectra did not engage in state discovery procedures, to their credit this is not an instance where Defendants are "simply saying that the amount-in-

controversy requirement is met." *King v. Household Fin. Corp. II*, 593 F.Supp. 2d 958, 959–60 (E.D. Ky. 2009). Accompanying Defendant's Response to Plaintiff's Motion to Remand is an affidavit of Connie J. Hancock, the Property Valuation Administer of Floyd County, Kentucky, where Plaintiffs' property is located. [R. 15-1.] Collectively, parcels of land owned by the Plaintiffs have a tax assessed value of $144,000. *Id.* Further, in addition to "compensatory damages for the diminution in market value of the Plaintiffs' property," Plaintiffs also seek "punitive damages for Defendant's grossly negligent conduct." [R. 1-2.] These figures alone *might* persuade the Court that the amount in controversy reaches excess of $75,000, but Plaintiffs dispute that every parcel of land is damaged. [*See* R. 22 at 3.] Plaintiffs also point out that they have not alleged a complete taking, only damage to their property, so the total value of the property as a whole is irrelevant. *Id.*

It is a close question, but on balance, this Court finds that the Defendants have not proved that the amount in controversy exceeds the jurisdictional requirement. Because the Court is one of limited jurisdiction, any doubts about removal should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted). Kentucky Rule 8.01 requires a plaintiff to disclose her claim for damages in response to a defendants' interrogatories; it is nonsensical not to take advantage of that requirement. *See* Ky. R. Civ. P. 8.01(2). Engaging in state court discovery procedures will undoubtedly provide the sort of "competent proof" required to prove up the amount in controversy requirement of § 1332. *See Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012). Plaintiffs' Motion to Remand is **GRANTED**.

**B**

Plaintiffs have also requested an award of costs and attorney fees stemming from

untimely removal pursuant to 28 U.S.C. § 1447. [R. 9.] Although this Court has ultimately concluded that remand is proper, the Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Kentucky's pleading rules make it difficult for parties to quickly assess the amount in controversy in any case. Furthermore, in furnishing their Response to Plaintiffs' Motion to Remand, Defendants took time to investigate the tax value of Plaintiffs' land, as well as obtain an affidavit from the Property Valuation Administer of Floyd County, Kentucky as to the value of that land. [*See* R. 15.] In an exercise of this Court's discretion, Plaintiffs' Motion for Award of Costs and Attorney Fees is **DENIED**.

### III

Despite remanding the case at this juncture, the Court acknowledges it may be that after further discovery, the parties will find that the amount in controversy exceeds $75,000. Should that occur, the Defendants may be able to remove at that time.[1] *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."). But until that happens, this Court simply does not have sufficient evidence available in the record to determine, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Accordingly, the Court being sufficiently advised, it is hereby ORDERED as follows:

1. Plaintiffs' Motion [**R. 9**] is **GRANTED** as to remand**;**

2. This action is **REMANDED** in its entirety to the Floyd Circuit Court from which it was removed;

---

[1] Subject, of course, to the limitation that "[a] case may not be removed…more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

3. Plaintiffs' Motion **[R. 9]** is **DENIED** as to costs and attorney fees; and

4. This matter is STRICKEN from the Court's active docket.

This the 1st day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge